IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**JOHN COCHRAN MACCOLL**,

            Petitioner,

v.                                **Civil Action No. 3:21-CV-122**
                                      Judge Bailey

**F.J. BOWERS**, Warden,

            Respondent.

## ORDER DISMISSING CASE

Pending before this Court on initial review are the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] and Motion to Amend Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 6]. In his original petition, the petitioner alleges that he was denied equal protection of the law, in that his request for home confinement was denied by the Bureau of Prisons, while an inmate who was similarly situated was released. In his Motion to Amend, the petitioner seeks to add a request for reduction of sentence to time served.

Mr. MacColl was sentenced by the United States District Court for the Eastern District of Michigan on February 12, 2019, to a term of imprisonment of 108 months upon his conviction for wire fraud in violation of 18 U.S.C § 1343. His projected release date is October 12, 2026.

In his petition, Mr. MacColl states that the Administration at FCI Morgantown released another inmate, Joseph Daniel Mills, to home confinement, even though he has an extensive

1

history of violence and was denied compassionate release by Hon. Joseph R. Goodwin. He claims that Mr. Mill's release coupled with the denial of his request for home confinement under the CARES Act constitutes a violation of equal protection.

This Court does not have authority to order that the petitioner be placed on home confinement. *See* 18 U.S.C. § 3621(b). Pursuant to Title 18 U.S.C. § 3621, the Bureau of Prisons ("BOP") has authority to designate a prisoner's place of imprisonment. The CARES Act merely expanded the BOP's authority to transfer a prisoner to home confinement. *See Tillman v. Rickard*, 2020 WL 2114571, at *1 (S.D. W.Va. May 4, 2020) (Faber, J) ("The CARES Act ... vests greater discretionary authority to the Director of the Bureau of Prisons to lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement."). The CARES Act did not grant courts authority to make decisions as to a prisoner's placement. *See United States v. Rucker*, 2021 WL 3124725 (4th Cir. July 23, 2021); *Bailey v. Adams*, 2020 WL 5237516 (N.D. W.Va. Sept. 2, 2020) (Kleeh, J.); *United States v. Wiley*, 2021 WL 1234595 (W.D. N.C. April 1, 2021) (Whitney, J.); *Buckman v. Reherman*, 2021 WL 1168697 (S.D. W.Va. March 26, 2021) (Faber, J.); *United States v. Colleton*, 2020 WL 7352577 (D.S.C. Dec. 15, 2020 (Norton, J.); *McCarson v. Reherman*, 2020 WL 2110770, at *2 (D.S.C. May 4, 2020) (Herlong, J.); *Berry v. Reherman*, 2020 WL 8575207, at *4 (S.D. W.Va. Oct. 16, 2020), (Aboulhosn, MJ) report and recommendation adopted, 2021 WL 626997 (S.D.W. Va. Feb. 17, 2021) (Faber, J.).

In *Wiley*, Judge Whitney held that "[t]o the extent Defendant requests the Court release him to home confinement, the Court does not have authority to direct the BOP to do so. *See*

2

18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also *McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ('It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.'); *United States v. Gray*, 2020 WL 1943476, at *3 (E.D. N.C. Apr. 22, 2020) ('[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement.... This provision does not authorize the court to order defendant's placement in home confinement.'). A court has no authority to designate a prisoner's place of incarceration. *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so." *Wiley*, 2021 WL 1234595, at *4.

Indeed, some courts have determined that the BOP's decision not to seek compassionate release (when jurisdiction lay solely with the BOP) was not reviewable by the courts. *Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F.App'x 77 (11th Cir. 2012); *Crowe v. United States*, 430 F.App'x 484 (6th Cir. 2011). This Court sees no reason why these holdings would not apply equally to a BOP decision not to grant home confinement.

The petitioner seeks to circumvent this rule by attempting to hide his claim in the sheep's clothing of a § 2241. Inasmuch as the petitioner does not question the validity or constitutionality of his sentence, but rather contests the conditions of his confinement, his claims are not cognizable under § 2241. *McCarson v. Reherman*, 2020 WL 2110770, at *1 (D.S.C. May 4, 2020) (Herlong, J.) (citing *Rodriguez v. Ratledge*, 715 F.App'x 261, 266 (4th Cir. Nov. 29, 2017) (distinguishing between claims that challenge the "fact" or "duration"

3

of a sentence and those that challenge "the conditions of confinement" and finding that a petition challenging the conditions of confinement is not cognizable under § 2241)); *United States v. Johnson*, 2020 WL 1663360, at *5 (D. Md. Apr. 3, 2020) (concluding that Fourth Circuit precedent precludes inmates from challenging their exposure to COVID-19 under § 2241 because such claims do not challenge the constitutionality of a sentence).

Even if his claim could be sustained under habeas corpus, his claim wholly lacks merit and fails to state a claim. The Attorney General, acting through the BOP, is granted the discretion to determine which prisoners are suitable to be placed on home confinement. "[A] request for home confinement is akin to a prisoner's request to be transferred to a different institution. However, a prisoner lacks a constitutionally protected liberty interest in his place of confinement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976)." *Bolze v. Warden, FCC Coleman Low*, 2020 WL 3610766, at *2 (M.D. Fla. July 2, 2020).

The petitioner contends that the BOP's failure to grant him home confinement violates the Equal Protection Clause in that he is being treated differently than others who are similarly situated. The Equal Protection Clause of the Fourteenth Amendment protects prisoners from being "treated differently from persons who are similarly situated." *See Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). When stating an equal protection claim, a petitioner must first show that he has been treated differently from similarly situated individuals. *Id.* A petitioner may bring an equal protection claim under two legal theories. *Margetta v. Ferguson*, 2018 WL 1430936, at *3 (M.D. Pa. Mar. 22, 2018). In a traditional case, a petitioner asserts a respondent treated him differently from other similarly situated individuals because of his membership in an

4

identifiable or protected class, such as race, religion, sex, or national origin. *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 n.112 (3d Cir. 2016). In a "class of one" claim, a petitioner does not allege discrimination based on membership in a protected class or particular group, but rather, asserts a respondent treated him differently from others similarly situated for arbitrary or irrational reasons. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Phillips v. City of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). Here, the petitioner appears to be asserting a "class of one" equal protection claim: that he was treated differently from other similarly situated individuals when he was denied home confinement.

In the context of discretionary decisions regarding parole and security classifications, courts in the Third Circuit have questioned whether "prisoners can be found to be similarly situated to one another for equal protection purposes, under any circumstances." *Mikhaeil v. New Jersey Admin. Off. of the Cts.*, 2020 WL 4501922, at *3 (D.N.J. Aug. 5, 2020) (citing *Faruq v. McCollum*, 2013 WL 3283942, at *6 (D.N.J. June 25, 2013)); *see also Johnson v. Paparozzi*, 219 F.Supp.2d 635, 644 (D.N.J. 2002).

Here, the petitioner is challenging a matter that encompasses discretionary decision-making based on a subjective, individualized assessment. In such a case, it is doubtful he can even bring a cognizable class-of-one equal-protection claim. In *Engquist v. Oregon Department of Agriculture*, the Supreme Court considered "forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist*, 553 U.S. 591, 603 (2008). The aggrieved party in *Engquist* was a government employee who brought a class-of-one claim alleging that her termination violated the Equal Protection Clause. *Id.* at 595. After the jury found for the

5

plaintiff, the state appealed and the Ninth Circuit reversed. *Id.* at 596. In affirming the Ninth Circuit, the Supreme Court recognized that although governmental discretion sometimes disguises impermissible discrimination, in the case at bar "treating like individuals differently is an accepted consequence of the discretion granted," and allowing equal-protection claims on such grounds "would be incompatible" with that discretion. *Id.* at 603, 604.

Although *Engquist* concerns an adverse-employment decision, many courts have applied the *Engquist* Court's rationale in the prison context, concluding that class-of-one equal-protection claims are not viable when based on individualized assessments of inmates. *See, e.g., **Howard v. Koeller***, 756 F.App'x 601, 604 (7th Cir. 2018) (holding that inmate's class-of-one equal-protection claim failed because it challenged discretionary decision making); ***Dawson v. Norwood***, 2010 WL 2232355, at *2 (W.D. Mich. June 1, 2010) (dismissing inmate's class-of-one equal-protection claim that he was treated differently than other prisoners in administrative segregation because "the class-of-one equal[-]protection theory has no place in the prison context where a prisoner challenges discretionary decisions regarding security classifications and prisoner placement); ***Upthegrove v. Holm***, 2009 WL 1296969, at *1 (W.D. Wis. May 7, 2009) (finding that inmate's class-of-one equal-protection claim was properly dismissed "in light of current rulings suggesting that 'class-of-one' equal[-]protection claims are not cognizable in such an individualized and discretionary setting as the prison setting"); ***Faruq v. McCollum***, 2013 WL 3283942, at *5 (D.N.J. June 25, 2013) ("[W]ith regard to security level and placement decisions that are based on individual factors and histories, it is hard to imagine that any inmate would be considered similarly situated [in

6

an equal-protection claim]"). *Striz v. Collier*, 2020 WL 7868102, at \*13 (S.D. Tex. Nov. 24, 2020).

State action involving "'discretionary decision making based on a vast array of subjective, individualized assessments' does not violate Equal Protection 'when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.'" *Capozzi v. PA Bd. Prob. & Parole*, 2019 WL 4309069, at \*7 (M.D. Pa. July 29, 2019) (citing *Engquist, supra*). *Coburn v. Spaulding, Warden FPC-Lewisburg*, 2021 WL 3026851, at \*8 (M.D. Pa. June 15, 2021), report and recommendation adopted 2021 WL 2678706 (M.D. Pa. June 30, 2021).

As noted by Judge Faber, "an inmate's qualification for early release on home confinement under the CARES Act is a individualized determination by the BOP. Significantly, 'the Attorney General permitted the BOP wide discretion in determining when to release a prisoner to home confinement based on the risks posed by COVID-19 in the prisons.' *Gallo v. Ortiz*, 2021 WL 571600, \*3 (D.N.J. Feb. 16, 2021)." *Buckman v. Reherman*, 2021 WL 1168697, at \*4 (S.D. W.Va. Mar. 26, 2021) (Faber, J.).

In making the determination of whether to release an inmate to home confinement, "[t]he Attorney General issued guidance for 'prioritizing' home confinement for 'at-risk inmates who are nonviolent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities.' See BOP Program Statement No. 7320.01. The BOP is to 'consider the totality of circumstance for each individual inmate' based on the following non-exhaustive factors:

7

> • The age and vulnerability of the inmate to COVID-19, in accordance with the Centers for Disease Control and Prevention (CDC) guidelines;
>
> • The security level of the facility currently holding the inmate, with priority given to inmates residing in low and minimum security facilities;
>
> • The inmate's conduct in prison, with inmates who have engaged in violent or gang related activity in prison or who have incurred a BOP violation within the last year not receiving priority treatment under this Memorandum;
>
> • The inmate's score under PATTERN, with inmates who have anything above a minimum score not receiving priority treatment under this Memorandum;
>
> • Whether the inmate has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety, including verification that the conditions under which the inmate would be confined upon release would present lower risk of contracting COVID-19 than the inmate would face in his or her BOP facility; and
>
> • The inmate's crime of conviction, and assessment of the danger posed by the inmate to the community. Some offenses, such as sex offense, will render an inmate ineligible for home detention. Other serious offenses should weigh more heavily against consideration for home detention."

*Id*. (citing ***Wragg v. Ortiz***, 462 F.Supp.3d 476, 493–94 (D.N.J. 2020)).

In ***Buckman***, Judge Faber quoted the following with approval: "[I]t is difficult to believe that any two prisoners could be considered similarly situated for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may

8

legitimately be informed by a broad variety of an individual's characteristics." *Id*. at 3 (quoting *Rowe v. Cuyler*, 534 F. Supp. 297, 301 (E.D. Pa. 1982), *aff'd*, 696 F.2d 985 (3d Cir. 1982) (Table)).

In *United States v. Calderon*, 801 F.App'x 730 (11th Cir. 2020), the Eleventh Circuit held that Calderon's argument the district court's denial of his motion violated his equal protection and due process rights is unpersuasive, because the Supreme Court has held prisoners do not have a constitutional right to be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (stating there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").

As noted in *Rowe*, *supra*:

The difficulty with plaintiff's claim, stated as a violation of the Equal Protection Clause, is that the [] factors mentioned are but a small cluster out of a galaxy of considerations which might legitimately figure in a decision to grant or deny pre-release status. As the Supreme Court has stated in *Greenholtz*, in the analogous context of parole decisions, "(t)he entire inquiry is, in a sense, an 'equity' type judgment that cannot always be articulated in traditional findings." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, *supra*, 442 U.S. at 8. This is unavoidable, for no two prisoners, being different human beings, will possess identical backgrounds and characters. Indeed, it is difficult to believe that any two prisoners could ever be considered "similarly situated" for the purpose of judicial review on equal protection grounds of

broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics. Furthermore, whether or not an inmate is able to benefit from participation in pre-release is inherently a subjective determination not susceptible of mathematically precise analysis. The grounds articulated for denial may only be highlights of a catalogue of valid objections, any one of which might support the decision. Nothing in the Constitution requires the decision-makers to succeed in the impracticable and unduly burdensome task of articulating each and every factor considered in reaching the decision in order to demonstrate that an applicant is not being discriminated against, so long as the reasons given for denial are among those rationally related to the program's objectives. ***Taliferro v. New Jersey Parole Board***, 460 F.2d 289, 290 (3d Cir. 1972) (per curiam); ***Bennett v. People of the State of California***, 406 F.2d 36, 38–39 (9th Cir. 1969); ***Marciano v. Coughlin***, 510 F.Supp. 1034, 1039 (E.D.N.Y.1981); ***Sanno v. Preiser***, 397 F.Supp. 560, 561-562 (S.D.N.Y.1975).

***Rowe v. Cuyler***, 534 F. Supp. 297, 301 (E.D. Pa.), *aff'd*, 696 F.2d 985 (3d Cir. 1982).

For the reasons stated above, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] will be dismissed.

The petitioner has also filed a motion seeking to amend his petition, cryptically asking that "if the Court still lacks jurisdiction, the Petitioner is asking for the actual term of incarceration to be modified to time served." [Doc. 6].

The only method by which this Court could reduce petitioners term of incarceration would be through a motion for compassionate release. Such a motion, however, must be brought in the sentencing court - which is not this Court. Accordingly, the motion to amend will be denied as futile.

Accordingly, petitioner's Motion to Amend Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 6]** is **DENIED**. Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is **DISMISSED WITH PREJUDICE**.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

DATED: August 9, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE